IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAWRENCE CORDER, #A0146221 | ) CIVIL NO. 10-00284 SOM-KSC |
| | ) |
|     Petitioner, | ) FINDINGS AND |
| | ) RECOMMENDATION TO 1) GRANT |
|   vs. | ) RESPONDENT'S MOTION TO |
| | ) DISMISS AMENDED PETITION |
| NOLAN ESPINDA, | ) UNDER 28 U.S.C. § 2254 FOR |
| | ) WRIT OF HABEAS CORPUS BY A |
|     Respondent. | ) PERSON IN STATE CUSTODY |
| | ) AND 2) DENY PETITIONER'S |
| _____ | ) AMENDED PETITION |

FINDINGS AND RECOMMENDATION TO 1) GRANT RESPONDENT'S
MOTION TO DISMISS AMENDED PETITION UNDER 28 U.S.C.
§ 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE
CUSTODY AND 2) DENY PETITIONER'S AMENDED PETITION

      On May 13, 2010, Petitioner Lawrence Corder ("Corder") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. On May 25, 2010, the Court issued an Order Dismissing Petition with Leave to Amend, wherein the Court found that Corder's claim appeared to be unexhausted, he named the improper respondent, and it appeared that he did not satisfy § 2254's "in custody" requirement.

      On June 24, 2010, Corder filed an Amended Petition, alleging that his confinement is in violation

of his right to be informed of the nature and cause of the accusations against him, as guaranteed by the Sixth Amendment.

      On July 28, 2010, the Court issued an Order to Show Cause and Answer Amended Petition.  On August 11, 2010, Respondent Nolan Espinda ("Respondent") filed a Motion to Dismiss ("Motion").  On August 12, 2010, the Court issued an Entering Order, directing that any opposition to the Motion be filed by September 10, 2010, and that any Reply be filed by October 8, 2010.

      On October 7, 2010, Respondent filed a document entitled "Response to Petitioner's Lack of Opposition to Respondent's Motion to Dismiss Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody," wherein Respondent noted Corder's failure to file a response to the Motion and requested that his Motion be granted.  That same day, Corder filed his Opposition to the Motion.[1]

---

   [1]  The Opposition is one month late, and Corder did not seek leave of Court to file his belated Opposition. Although it would be appropriate to strike the

For the reasons set forth below, the Court HEREBY FINDS AND RECOMMENDS that the district court 1) GRANT Respondent's Motion and 2) DENY the Amended Petition.

BACKGROUND[2]

I. FC-CR No. 07-1-1080

Corder pled not-guilty in FC-CR No. 07-1-1080 to Violation of an Order for Protection, Hawaii Revised Statutes §§ 586-5.5 & 568-11(a)(1)(A). On October 12, 2007, a jury found Corder not guilty as to Count I[3] and guilty as to Counts II and III of the complaint. On November 29, 2007, the Family Court for the First

---

Opposition or decline to accept the Opposition as a sanction for violating the Court's briefing schedule, the Court has considered the Opposition in making its recommendation herein.

[2] The facts herein are taken from the Amended Petition, the Motion, and from State v. Corder, No. 28877, 120 Hawai'i 281, 2009 WL 886843 (Haw. Ct. App. Mar. 31, 2009) ("Corder I"); State v. Corder, No. 28877, 121 Hawai'i 451, 220 P.3d 1032 (Haw. 2009) ("Corder II"); and State v. Corder, No. 28877, 2010 WL 115495 (Haw. Ct. App. Mar. 30, 2010) ("Corder III").

[3] Count I charged Corder with committing the same offense alleged in Counts II and III, but on a different date.

Circuit, State of Hawaii, entered a Judgment of Conviction and Sentence and sentenced Corder to two consecutive one-year terms of imprisonment.

Corder appealed his conviction to the Intermediate Court of Appeals ("ICA").  The ICA addressed two of Corder's six points[4] of appeal:  1) the conviction was defective because it failed to sufficiently charge him with an offense for Counts II and III, and the Family Court thus erred in denying the motion to dismiss and 2) the Family Court erred in denying Corder's motion for bill of particulars. Corder I, 2009 WL 886843, at *1.  On March 31, 2009, the ICA vacated the sentence and conviction and remanded the matter for a new trial after determining

---

[4]   The other points of appeal were:  1) the trial court erred in denying Corder's requested jury instruction re: ambiguous orders; 2) the trial court erred in denying Corder's motion for judgment notwithstanding the verdict ("JNOV") with respect to Count III; 3) the trial court erred in sentencing Corder without allowing him an opportunity to address the court as required by Hawaii Rule of Penal Procedure 32(a); and 4) the sentence is illegal.  Corder II, 121 Hawai'i at 453, 220 P.3d at 1034.

4

that 1) although Counts II and III of the complaint did not identify Corder's conduct in violation of the extended order for protection, the complaint sufficiently set forth the elements of the charges against Corder and 2) the Family Court abused its discretion by denying Corder's request for a bill of particulars because it failed to consider whether the bill of particulars was necessary for Corder's trial preparation and to prevent Corder from being prejudicially surprised with the acts he alleged committed in violation of the extended order for protection.  Id. at **1-2.  Based on these determinations, the ICA did not address Corder's other points of appeal.  Id. at *2.

The State appealed the ICA decision to the Hawaii Supreme Court, which granted certiorari on September 30, 2009.  The Hawaii Supreme Court held that the ICA erred in concluding that the Family Court abused its discretion by denying Corder's request for a bill of particulars.  Corder II, 121 Hawai‘i at 452,

220 P.3d at 1033.  The supreme court concluded that the Family Court's denial of Corder's motion for bill of particulars was not an abuse of discretion because the Family Court made such a determination based on a consideration of the entire record of the case and the course of proceedings, and Corder was not misled or prejudiced as to the charges against him.  <u>Id.</u> at 457, 220 P.3d at 1038.  As a result, the supreme court reversed the ICA's decision and remanded the case to the ICA to address the remaining four points of error. <u>Id.</u>

On remand, the ICA addressed the four points of error, affirmed the November 29, 2007 Family Court Judgment, and held as follows:  1) the omission of the requested jury instruction did not render the jury instructions prejudicially insufficient, erroneous, inconsistent, or misleading; 2) the Family Court did not err in denying Corder's motion for JNOV; 3) the Family Court provided Corder a fair opportunity to be heard on the mitigation of his sentencing and issues

related to his disposition, and it did not violate his right of allocution; and 4) the Family Court did not abuse its discretion by imposing two consecutive terms of one-year imprisonment for Counts II and III.  Corder III, 2010 WL 1115495, at **2-5.

Corder completed his terms of imprisonment for this conviction prior to filing his original petition.

II.     FC-CR No. 08-1-1230

On March 4, 2008, Corder was charged with violating an order of protection on December 29, 2007.  Mot., Ex. E.  A jury found Corder guilty.  On November 21, 2008, Corder was sentenced to one year imprisonment to be served consecutively with any other sentence Corder was then serving, with credit for time served.  Id., Ex. G.

Corder appealed his conviction and on November 9, 2009, the ICA issued a summary disposition order affirming the Family Court's Judgment of Conviction and Sentence.  State v. Corder, No. 29485, 120 Hawai'i 260, 2009 WL 3724973 (Haw. Ct. App. Nov. 9, 2009).

7

III.     CR No. 04-1-2122

On October 12, 2005, a Judgment of Conviction and Probation Sentence was entered against Corder for Unauthorized Control of a Propelled Vehicle (Count I) and Promoting a Dangerous Drug in the Third Degree (Count II).  Mot., Ex. H.  Corder was sentenced to five years probation as to each Count.  Id.  As a result of his convictions for state crimes (FC-CR No. 07-1-1080 and CR No. 04-1-2122) during his probation, the state court revoked probation and resentenced Corder to five years imprisonment as to each count, to be served concurrently with each other and with any term of imprisonment Corder was serving, nunc pro tunc to July 3, 2006.  Id., Ex. K.  Following a hearing on the State's motion for reconsideration of sentence, the state court amended the nunc pro tunc date to November 29, 2007.  Id., Ex. M.

STANDARD OF REVIEW

When a court issues a writ of habeas corpus, it declares that the petitioner is being held in custody

in violation of his constitutional or other federal rights.  28 U.S.C. § 2254(a); Harvest v. Castro, 531 F.3d 737 (9th Cir. 2008).  Thus, to obtain habeas corpus relief, a petitioner must demonstrate that his conviction or punishment violates the federal constitution, a federal statute, or a treaty.  28 U.S.C. § 2241(c)(3); Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995); see also Morris v. Ylst, 447 F.3d 735 (9th Cir. 2006).

All federal habeas petitions filed after April 24, 1996, are governed by The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  Woodford v. Garceau, 538 U.S. 202, 204 (2003); Brown v. Farwell, 525 F.3d 787, 792 (9th Cir. 2008). Under AEDPA, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States,"

or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 402-04 (2000).

A decision is contrary to federal law if the state court applies a rule of law that contradicts Supreme Court precedent, or if the state court makes a determination contrary to a Supreme Court decision on materially indistinguishable facts. Brown, 525 F.3d at 792. A state court unreasonably applies federal law when its application of Supreme Court precedent to the facts of a petitioner's case is objectively unreasonable. Id. at 793 (citation omitted).

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Cooper v. Brown, 510 F.3d 870, 919 (9th Cir. 2007) (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)); see also 28 U.S.C. § 2254(e)(1)).

Clear and convincing evidence under § 2254(e) "requires greater proof than preponderance of the evidence" and must produce "an abiding conviction" that the factual contentions being advanced are "highly probable." Cooper, 510 F.3d at 919 (quoting Sophanthavong v. Palmateer, 378 F.3d 859, 866 (9th Cir. 2004)). The presumption of correctness applies not only to express findings of fact, but also applies equally to unarticulated findings that are necessary to the state court's conclusions of mixed questions of fact and law. Id. (citing Marshall v. Lonberger, 459 U.S. 422, 433 (1983) (holding it proper to apply this presumption to a credibility determination which was implicit in the rejection of a defendant's claim)). Where there are two permissible views of the evidence, a fact finder's choice between them cannot be clearly erroneous. Id. (citing Amadeo v. Zant, 486 U.S. 214, 226 (1988)).

## DISCUSSION

Respondent moves to dismiss the Amended

Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4")[5] on the grounds that 1) Corder is not "in custody" for the sentence he attacks; 2) Corder failed to present his claims to the Hawaii Supreme Court as a federal law or constitutional violation; and 3) the Amended Petition is meritless.  Corder maintains that his present incarceration was imposed because of the illegal conviction in FC-CR No. 07-1-1080.  He believes that were it not for this illegal conviction, he would not have been sentenced to imprisonment in CR No. 04-1-2122.

---

[5] Rule 4 requires courts to dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.  Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (The district court may dismiss a habeas petition summarily "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court"); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).  "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response."  Rule 4, 28 U.S.C. foll. § 2254.

I.   "In Custody" Requirement

Respondent argues that this Court is without jurisdiction to entertain Corder's Amended Petition because he cannot meet the custody requirement set forth in 28 U.S.C. § 2254.  Although conceding that he is no longer serving the term of imprisonment for the conviction he is presently challenging (FC-CR No. 07-1-1080), Corder submits that he is "in custody" as a result of said illegal conviction.  He takes the position that the illegal conviction (FC-CR No. 07-1-1080) resulted in the revocation of probation and the imposition of a five-year sentence of imprisonment in CR No. 04-1-2122, which he is currently serving.

It is well-established that the "first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001).  Section 2254 requires that "the habeas petitioner be 'in custody' **under the conviction . . . under attack** at the time his petition is filed."

13

<u>Maleng v. Cook</u>, 490 U.S. 488, 490-491 (1989) (citing <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968)) (emphasis added).

There is no question that Corder is not "in custody" for the conviction under attack (FC-CR No. 07-1-1080). He cannot satisfy the "in custody" requirement with respect to the conviction at issue here merely because the conviction was used to revoke probation. <u>Lackawanna</u>, 532 U.S. at 401 (respondent not "in custody" on previous conviction merely because it had been used to enhance a subsequent sentence). Where, as here, a petitioner is no longer serving the sentence imposed for the conviction challenged, he or she cannot bring a federal habeas petition directed solely at that conviction. <u>Id.</u> ("Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions."). Thus, Corder's challenge of his conviction in FC-CR No. 07-1-1080 is improper, inasmuch

as he has completely served his sentence for that conviction.  The Court accordingly recommends that the Amended Petition be DISMISSED to the extent Corder seeks to challenge his conviction in FC-CR No. 07-1-1080 because he is no longer in custody pursuant to said conviction.

However, to the extent the Amended Petition can be construed as a challenge to the sentence Corder is currently serving (CR No. 04-1-2122) on the grounds that his allegedly invalid conviction in FC-CR No. 07-1-1080 resulted in the revocation of probation and imposition of a sentence of imprisonment, Corder satisfies the "in custody" requirement.  Id. at 401-02 (Because "Coss' § 2254 petition can be (and has been) construed as 'asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction," he satisfies the "in custody" requirement); Maleng, 490 U.S. at 493-94.  That said, Corder may not challenge the sentence he is currently serving through a § 2254 petition on the basis that the

prior conviction (FC-CR No. 07-1-1080) was unconstitutionally obtained.

In <u>Lackawanna County District Attorney v. Coss</u>, the Supreme Court held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

<u>Lackawanna</u>, 532 U.S. at 403-04 (citing <u>Daniels v. United States</u>, 532 U.S. 374, 382 (2001)).  Here, Corder's conviction in FC-CR No. 07-1-1080 is conclusively valid because Corder already exhausted his state appeals, albeit unsuccessfully.  Under <u>Lackawanna</u> then, Corder may not challenge the sentence for which he is currently incarcerated on the basis that his conviction in FC-CR No. 07-1-1080, purportedly used to revoke probation and impose a term of imprisonment, was

unconstitutionally obtained.

The Supreme Court carved out one exception to the abovementioned general rule "for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright."  Id. at 404.  In other words, "[w]hen an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate."[6]  Id.  Said exception

---

[6] Corder's misconception of well-established law is evidenced by the relief he seeks.  In his Opposition, Corder argues that the conviction in FC-CR No. 07-1-1080 should be set aside and that the matter should be remanded to state court for a reconsideration of the motion for revocation of probation in light of the vacated conviction.  Even if Corder could achieve full success in this Court, he would be unable to obtain such a remedy.  As already discussed, his conclusively valid conviction in FC-CR No. 07-1-1080 cannot be set aside, as Corder is no longer in custody

17

does not apply to Corder.  He does not argue that there was a failure to appoint counsel, and in fact, the record establishes that he was represented by counsel at all stages of the proceedings in FC-CR No. 07-1-1080.[7]  Am. Pet. at ¶ 24.  Because no <u>Gideon</u> Sixth Amendment violation exists, Corder may not collaterally attack his conclusively valid state court conviction (FC-CR No. 07-1-1080) via a federal habeas corpus petition.[8]  Accordingly, this Court recommends that the

---

for this conviction. Additionally, the potential for his current sentence to be vacated could only arise if it was enhanced based on a conviction (here FC-CR No. 07-1-1080) that was obtained where there was a failure to obtain counsel in violation of the Sixth Amendment. No such circumstances exist here.

[7] He was also represented by counsel at the probation revocation proceedings in CR No. 04-1-2122. Am. Pet. at ¶ 24.

[8] Even assuming Corder's situation fell within the sole exception identified in <u>Lackawanna</u>, he would be required to satisfy the procedural prerequisites for relief, such as exhaustion of remedies.  <u>Lackawanna</u>, 532 U.S. at 404.  It is not clear that he could do so. The Court does not have before it a complete record with respect to CR No. 04-1-2122.  However, without reaching the issue, it appears that Corder has not challenged the conviction in CR No. 04-1-2122 in state court, and that such a challenge may be time-barred.

district court GRANT the Motion and DENY the Amended Petition.

II. <u>Exhaustion</u>

In view of the aforementioned recommendation, the Court finds it unnecessary to address Respondent's exhaustion argument.

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT Respondents Motion to Dismiss (Doc. No. 7) and DENY Corder's Amended Petition (Doc. No. 5).

DATED:  Honolulu, Hawaii, October 21, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge


CORDER V. ESPINDA, CV 10-00284 SOM-KSC; FINDINGS AND RECOMMENDATION TO 1) GRANT RESPONDENT'S MOTION TO DISMISS AMENDED PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AND 2) DENY PETITIONER'S AMENDED PETITION